### BRADY, Police Officer, In re.

Common Pleas Court, Trumbull County.

No. 62066.   Decided January 8, 1953.

G. Howard Lafferty, City Solicitor, Frederick H. Loomis, Jr., Asst. City Solicitors, Warren, for City of Warren.

D. J. Lapolla, Samuel Petkovich, Warren, for Charles D. Brady.

## OPINION

By McLAIN, J.

This is an appeal on questions of law and fact from the order and judgment of the Director of Public Service and Safety and the Civil Service Commission of Warren, Ohio, discharging Charles D. Brady as a patrolman and member of the Department of Police for intoxication while on duty and in uniform.

It is urged by reason of the fact that Section 1, Article 1, of the Warren, Ohio police manual states that a police officer may be suspended for intoxication while on duty, the order discharging the patrolman was illegal.

While the city of Warren has the right to prescribe general rules for the police department, no rule so adopted could be effective in curtailing the power of the appointing authority to remove a member of the classified service for any of the causes set forth in §486-17A GC (§143.27 R. C.).

This section of the state law provides, in substance, that the tenure of every officer in the classified service of the city shall be during good behavior and efficient service, and any such officer may be removed for incompetency, inefficiency or drunkenness.

Every member of the classified service is charged with a knowledge of this section, and the director may either suspend or discharge in the exercise of his discretion. The decision is then subject to review by the Civil Service Commission which has the right to affirm, modify, or reverse the action of the director.

This court, however, has no right to modify the decision of the director and the Civil Service Commission. Its jurisdiction is limited to the ascertainment of one question only, namely, whether there was sufficient cause for removal. **Hawkins v. City of Steubenville, 134 Oh St, 468, 13 O. O. 48.** The sole question, therefore, to be determined by the court is whether or not officer Brady was intoxicated within the contemplation of §486-17A GC (§143.27 R. C.).

There are degrees of intoxication varying all the way from slight stimulation to complete coma. The evidence in this case does not establish the fact that officer Brady was intoxicated to a great degree or that he was in a state of stupor or staggering about.

However, it is the opinion of the court that intoxication as used in §486-17A GC (§143.27 R. C.), does not necessarily mean that an officer must be so drunk that he is unable to walk or that he should have been guilty of excessive drinking. It is more reasonable to assume that the legislature intended that those engaged in the protection of the public shall remain free from any degree of intoxication, the existence of which would prevent him from exercising normal control of his bodily and mental faculties. It is sufficient if his senses are obviously impaired or distracted by the use of intoxicating liquors.

It is essential to the general security that a police officer be in full possession of his faculties and if, by reason of the use of intoxicants, he does not possess that clearness of intellect and control of himself that he otherwise would have, he is intoxicated.

Captain Heinlein testified that officer Brady was drunk; that he was in no condition to work; that he was not able to walk exactly right; that the pupils of his eyes looked bad, and that he could smell the ordor of liquor on him very strong.

Officer Lubert, although he didn't testify that Brady was drunk, did say that his eyes were glassy and he was talkative. He also confirmed Captain Heinlein in the fact that he took longer than usual to search out a prisoner.

In addition to this testimony, several other important circumstances were established. Officer Brady himself testified that he had two drinks of liquor earlier in the day. The record further shows that he was in a local bar while on duty, although there is no testimony that he drank therein. The record further shows that he failed to answer a police light which was put on at 6:05 until 6:40.

In view of the foregoing facts, the court finds that the evidence does establish the sufficiency of the cause of removal.

It is, therefore, ordered, adjudged and decreed that the decision of the Civil Service Commission of the city of Warren upholding the order of removal made by the director be and the same is hereby affirmed, and the appeal dismissed at appellant's costs.